KRIEGER v. MIRANDONA.

No. 14482.

Court of Appeal of Louisiana. Orleans.

Oct. 16, 1933.

Geo. Montgomery, of New Orleans, for appellant.

McCaleb & McCaleb, of New Orleans, for appellee.

HIGGINS, Judge.

This is an action ex delicto by Louis Krieger against Albert Mirandona to recover the sum of $159 for damages alleged to have been sustained by his Nash sedan as a result of a collision with the defendant's automobile at the intersection of South Galvez street and Cleveland avenue in this city on August 1, 1932, at 10 o'clock a. m.

The petition alleges that the defendant was at fault in operating his car in excess of 25 miles an hour in violation of the traffic ordinance of the city of New Orleans, and in failing to keep a proper lookout.

Defendant answered denying that he was guilty of negligence, and averred that the accident was caused through plaintiff's care-

lessness in failing to bring his car to a full stop before crossing a right of way street, contrary to the provisions of the city traffic ordinance, in failing to keep a proper lookout, and driving his car directly into the path of defendant's car. In the alternative defendant specially pleaded contributory negligence.

There was judgment dismissing the suit, and the plaintiff has appealed.

There were three eyewitnesses to the accident; the plaintiff, who was alone, and the defendant and his wife, who were driving with their small children. Plaintiff testified that he was proceeding out Cleveland avenue, which is a paved roadway approximately 32 feet wide and running in the direction from the river toward the lake; that this street intersects at right angles South Galvez street, which is a boulevard with a neutral ground 60 feet in width and paved roadways on each side thereof about 28 feet in width, and running from uptown towards Canal street; that it had been raining and the street was wet; that upon reaching this intersection he slackened the speed of his car to about 5 miles per hour, looked to his left to see if there were any automobiles approaching on Galvez street going toward Canal street, and, seeing none, accelerated his speed; that when he was about fifteen feet in the intersection he discovered the defendant's car approaching very near the intersection at a rate of speed of 40 or 45 miles an hour; that when he was practically across the intersection the front part of defendant's car struck the left rear wheel of his car and caused it to be forced upon the neutral ground of South Galvez street in the direction of Canal street for a distance of about 25 feet, after mounting a 6-inch curbing around the neutral ground.

Defendant and his wife testified that they were driving towards Canal street on the river side roadway of South Galvez street going between 15 and 20 miles an hour; that upon reaching Cleveland avenue they noticed the plaintiff's car approaching at a rate of speed of about 30 miles an hour; that upon realizing that plaintiff was making no effort to stop his car defendant applied his brakes and swerved to his left and struck the plaintiff's car on the left rear side; that their car came to a stop in the intersection, and the plaintiff's car came to rest on the neutral ground.

Three witnesses for the plaintiff, who came upon the scene of the accident after the collision, corroborated the testimony of the defendant and his wife to the effect that their car came to rest in the intersection.

It is difficult for us to believe that the defendant's car could have been traveling at the rate of speed of about 40 or 45 miles an hour at the time the plaintiff discovered its presence and could have been stopped on the wet pavement in the intersection. It also taxes our credulity to accept the plaintiff's version that he looked in the direction from which the defendant's car was approaching, but did not see it until he ventured into the intersection. It was daytime, and if he had looked there was nothing to prevent him from seeing defendant's car. Plaintiff was approaching a right of way street and admits that he did not come to a full stop, as required by the city traffic ordinance, and it is quite apparent to us that both vehicles approached the intersection at approximately the same time and, therefore, under the provisions of the traffic ordinance, the defendant had the right of way. Ordinance No. 13702, C. C. S., arts. 1 and 8; Ordinance No. 7490, C. C. S., art. 1, section 7, par. "g."

We conclude, as did the trial judge, that the accident was caused through the negligence and carelessness of the plaintiff, and that the defendant was free from fault.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.